**Zachary Thaddeus MCPEAK, Petitioner—Appellant,**

v.

**Deneice A. MAYLE, Respondent—Appellee.**

**No. 02–17042.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Oct. 17, 2003.

Richard H. Dangler, Jr., Sacramento, CA, Philip T. Kilduff, Esq., Attorney At Law, San Francisco, CA, for Petitioner–Appellant.

Gregory W. Baugher, Catherine Chatman, Deputy Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, TASHIMA, Circuit Judges, and MATZ, District Judge.*

### MEMORANDUM **

Zachary Thaddeus McPeak, a state prisoner, appeals the district court's denial of his petition for writ of habeus corpus, filed pursuant to 28 U.S.C. § 2254. McPeak contends that the district court erred in finding that he did not receive ineffective assistance of trial counsel. He further contends that his appellate counsel was also ineffective. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

■ Although his trial counsel failed to file a motion to suppress evidence, McPeak did not receive ineffective assistance of counsel because he could not show that he suffered prejudice as a result.[2] Even assuming that trial counsel performed deficiently, there is no probability that the outcome would have been different had the evidence been suppressed. *See Ortiz–Sandoval v. Clarke*, 323 F.3d 1165, 1170

---

* The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

1. We deny the oral motion for continuance made by appellant's counsel in open court.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

(9th Cir.2003) (requiring petitioner to show "a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence"). McPeak did not have credible defense witnesses to substantiate his defense. Moreover, two days after the crimes, McPeak's mother turned over several rings belonging to the victim that she found in McPeak's room. Because this evidence by itself likely was enough for conviction, McPeak cannot demonstrate prejudice.

McPeak also did not receive ineffective assistance when trial counsel authorized deposits into a defense witness's prison account. Counsel's performance in this regard was not deficient, and McPeak cannot show that but for counsel's deposit of the funds, the result of his trial would have been different.

Because McPeak did have effective trial counsel, appellate counsel was not ineffective for failing to argue ineffective assistance of trial counsel on appeal. *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir.2002) (stating that counsel is not ineffective for refraining from arguing an issue that has little or no prospect of success).

Accordingly, the judgment of the district court denying the habeas petition is

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.